

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| | ) No. |
| vs. | )<br>) |
| GARY SALANT and<br>DOUGLAS DALTON, | )  4:12CR00246RWS<br>)<br>) |
| Defendants. | ) |

FILED

JUN 21 2012

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

## INDICTMENT

### COUNT ONE

The Grand Jury charges that:

**A.   Introduction**

1. At all times relevant to this indictment defendant Gary Salant was a real estate investor in the St. Louis, Missouri area.

2. At all times relevant to this indictment, the defendant, Gary Salant, would and did engage in lending relationships with Midland States Bancorp, Inc. d/b/a Midland States Bank (hereinafter "Midland States Bank"), a financial institution as defined by Title 18, United States Code, Section 20, which was insured by the Federal Deposit Insurance Corporation.

3. Midland States Bank had a branch bank located in Chesterfield, Missouri. The two loans, which are the subject of this indictment, and which are more fully explained below, were both made through this branch bank of Midland States Bank.

4.  Defendant Gary Salant engaged in a real estate project known as the Mary Margaret Day Care, later known as "Little Treasures' Day Care and Learning Center," located at 2201 North Florissant, St. Louis, Missouri, within the Eastern District of Missouri.

5.  The purpose of this project was to construct two buildings as a child day care facility.

6.  At all times relevant to this indictment, defendant Douglas Dalton was defendant Gary Salant's business partner and consultant on the day care center project.

7.  At all times relevant to this indictment, Three Pac, LLC was doing business under the name "Little Treasures' Day Care and Learning Center."

8.  Three Pac, LLC is a Missouri limited liability company that was created on or about February 25, 2009 for the use of defendants Gary Salant and Douglas Dalton. On or about April 11, 2011, Three Pac, LLC was dissolved.

9.  Defendant Gary Salant and defendant Douglas Dalton did not complete construction of the two buildings that were to house the Little Treasures' Day Care and Learning Center. Further, defendants Gary Salant and defendant Douglas Dalton have failed to open Little Treasures' Day Care and Learning Center.

**B.  The Construction Loan and the Furniture, Fixtures, and Equipment Loan**

10.  For the purpose of the construction of the two buildings at 2201 North Florissant, defendant Gary Salant, in his name and his wife's, obtained a loan on or about November 24, 2008 at Midland States Bank in the amount of $1,395,000.00 to construct the property. The property and construction located at 2201 North Florissant, St. Louis, Missouri was the collateral on this loan.

11. A second loan was obtained from Midland States Bank on or about November 9, 2009 in the amount of $230,000.00 for the purpose of furnishing the day care center with furniture, fixtures, and equipment ordinarily used for a child day care center (hereinafter referred to as "FFE loan"). The FFE loan was also made in the name of defendant Gary Salant and his wife. The collateral on the FFE loan was the furniture, fixtures, and equipment as it was purchased.

12. For the construction loan, Commonwealth Land Title Insurance Company (now known as Chicago Title Insurance) Clayton, Missouri, acted as the disbursing agent of loan money as needed on the construction loan. (Commonwealth Land Title Insurance Company is hereinafter referred to as "Commonwealth.")

13. As disbursing agent, Commonwealth would receive requests from defendant Gary Salant of certain sums of money for identified purposes as the construction of the day care facility progressed. By the terms of the disbursing agreement, defendant Salant was required to sign and otherwise approve all draw requests on the construction loan money through Commonwealth.

14. Once the draw requests were approved by Midland, loan money was sent from Midland States Bank to Commonwealth to be disbursed by the terms of the draw request made by defendant Gary Salant.

15. From approximately on or about November 24, 2008 through on or about July 30, 2010 a series of draw requests were made and received by defendant Gary Salant totaling approximately the full amount of the construction loan ($1,395,000.00).

16.     From approximately on or about November 10, 2009 through on or about February 1, 2010, approximately $226,000.00 of the FFE loan was disbursed at defendant Gary Salant's direction directly from Midland States Bank as there was no disbursing agent associated with this loan.

17.     On the FFE loan, defendant Gary Salant and/or co-defendant Douglas Dalton presented invoices to Midland States Bank. In many instances, defendant Douglas Dalton and Gary Salant were together when presenting these invoices to Midland States Bank. Midland States Bank, relying on these invoices and approval from Salant, would then disburse loan money directly to the company as identified on the invoices. All draw requests were made by Salant and Dalton or approved by Salant.

C.     **The Scheme**

18.     In many instances, the invoices presented to Midland States Bank on the FFE loan for payment of furniture, fixtures, and equipment were to Kemp Sales Group, LLC, 121 East Washington Avenue, Suite LL, Kirkwood, Missouri.

19.     Kemp Sales Group, LLC was created on or about December 9, 2009 by defendant Douglas Dalton in the name of Jackie Kemp as registered agent.

20.     The majority of the invoices provided to Midland States Bank by defendant Gary Salant and/or co-defendant Douglas Dalton were dated a week prior to the creation of Kemp Sales Group, LLC.

21.     Kemp Sales Group, LLC listed 121 E. Washington Ave, Suite LL, Kirkwood, MO 63000 as its address on the invoices that defendant Gary Salant and/or co-defendant Douglas Dalton presented to Midland States Bank for draws on the FFE loan.

4

22. At all times relevant to this indictment, defendant Gary Salant and his wife were the owners of 121 E. Washington Ave, Suite LL, Kirkwood, MO 63000, the address of Kemp Sales Group, LLC. Defendant Dalton resided at this address.

23. As to the Kemp Sales Group invoices that were presented to Midland States Bank by defendant Gary Salant and/or co-defendant Douglas Dalton, no furniture, fixtures, or equipment were purchased for Little Treasures Day Care and Learning Center without the knowledge and approval of Midland States Bank. Thus, the invoices were false and fraudulent.

24. Kemp Sales Group also submitted false and fraudulent lien waivers to Midland States Bank stating that Kemp Sales Group had furnished Little Treasures' Day Care and Learning Center with day care equipment and supplies when in fact it was not provided Little Treasures' Day Care and Learning Center.

25. The total amount of FFE loan money diverted from its intended use to the personal use of defendants Salant, Dalton, and others, known and unknown to the grand jury, was at a minimum of approximately $155,000.00.

26. In some instances construction loan draws were requested by defendant Gary Salant through Commonwealth and diverted from the specific purpose of construction of the day care center to the personal use of defendants Gary Salant, Douglas Dalton, and others known and unknown to the grand jury.

27. The total amount of construction loan money diverted from its intended use to the personal use of defendants Salant, Dalton, and others known and unknown to the grand jury was approximately $90,000.00.

28.     In addition to Kemp Sales Group, defendants used other entities, and in some instances those entity's bank accounts, to divert FFE and construction loan money from its intended use, including, but not limited to, DG Property Management, LLC, Homeowner Helpers, LLC, Dalant, LLC, and Three Pac LLC.

29.     DG Property Management, LLC is a Missouri limited liability company that was created on or about July 7, 2009 by defendant Gary Salant when its name was changed from CDG Property Management, LLC.

30.     Homeowner Helpers, LLC is a Missouri limited liability company that was created on or about June 13, 2007 by defendant Gary Salant, and his wife.

31.     Dalant, LLC is a Missouri limited liability company that was created on or about February 25, 2009, for the use of defendants Gary Salant and Douglas Dalton.

32. On or about December 7, 2009, in the Eastern District of Missouri,

**GARY SALANT and DOUGLAS DALTON**,

the defendants herein, aided, abetted, and counseled by each other, and with others known and unknown to the Grand Jury, knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution, Midland States Bank, and to obtain money, funds, credits, assets, securities, and other property owned by and under the custody of Midland States Bank by means of materially false and fraudulent pretenses, representations and promises by representing to Midland States Bank that disbursements totaling approximately $67,961.15 from the FFE loan were going to be used in accordance with the FFE loan requirements, when in fact, as defendants well knew, the money would be used to purchase personal items and for other purposes not in accordance with the FFE loan requirements.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT TWO

The Grand Jury further charges that:

1. The Grand Jury realleges, as if fully set forth herein, all of the allegations of Count I, paragraphs 1 through 31.

2. On or about January 6, 2010, in the Eastern District of Missouri,

**GARY SALANT and DOUGLAS DALTON**,

the defendants herein, aided, abetted, and counseled by each other, and with others known and unknown to the Grand Jury, knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution, Midland States Bank, and to obtain money, funds, credits, assets, securities, and other property owned by and under the custody of Midland States Bank by means of materially false and fraudulent pretenses, representations and promises by representing to Midland States Bank that disbursements totaling approximately $57,908.00 from the FFE loan were going to be used in accordance with the FFE loan requirements, when in fact, as defendants well knew, the money would be used to purchase personal items and for other purposes not in accordance with the FFE loan requirements.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT THREE

The Grand Jury further charges that:

1. The Grand Jury realleges, as if fully set forth herein, all of the allegations of Count I, paragraphs 1 through 31.

2.      On or about January 29, 2010 in the Eastern District of Missouri,

**GARY SALANT and DOUGLAS DALTON,**

the defendants herein, aided, abetted, and counseled by each other, and with others known and unknown to the Grand Jury, knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution, Midland States Bank, and to obtain money, funds, credits, assets, securities, and other property owned by and under the custody of Midland States Bank by means of materially false and fraudulent pretenses, representations and promises by representing to Midland States Bank that disbursements totaling approximately $29,212.50 from the FFE loan were going to be used in accordance with the FFE loan requirements, when in fact, as defendants well knew, the money would be used for personal expenses and for other purposes not in accordance with the FFE loan requirements.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FOUR

The Grand Jury further charges that:

1.      The Grand Jury realleges, as if fully set forth herein, all of the allegations of Count I, paragraphs 1 through 31.

2.      On or about January 7, 2009, in the Eastern District of Missouri,

**GARY SALANT and DOUGLAS DALTON,**

the defendants herein, aided, abetted, and counseled by each other, and with others known and unknown to the Grand Jury, knowingly executed, and attempted to execute, a scheme and artifice

to defraud a financial institution, Midland States Bank, and to obtain money, funds, credits, assets, securities, and other property owned by and under the custody of Midland States Bank by means of materially false and fraudulent pretenses, representations and promises by representing to Midland States Bank, through the request for a draw on the construction loan that was submitted to Commonwealth, that disbursements totaling approximately $52,000 from the construction loan were going to be used in accordance with the construction loan requirements, when in fact, as defendants well knew, the money would be used for other purposes that were not in accordance with the construction loan requirements.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FIVE

The Grand Jury further charges that:

1. The Grand Jury realleges, as if fully set forth herein, all of the allegations of Count I, paragraphs 1 through 31.

2. On or about September 22, 2009, in the Eastern District of Missouri,

**GARY SALANT and DOUGLAS DALTON**,

the defendants herein, aided, abetted, and counseled by each other, and with others known and unknown to the Grand Jury, knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution, Midland States Bank, and to obtain money, funds, credits, assets, securities, and other property owned by and under the custody of Midland States Bank by means of materially false and fraudulent pretenses, representations and promises by representing

to Midland States Bank, through the request for a draw on the construction loan that was submitted to Commonwealth, that disbursements totaling approximately $20,000 from the construction loan were going to be used in accordance with the construction loan requirements, when in fact, as defendants well knew, the money would be used to pay personal expenses of an individual unnamed in this indictment, T.T., and for other purposes that were not in accordance with the construction loan requirements.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT SIX

The Grand Jury further charges that:

1. The Grand Jury realleges, as if fully set forth herein, all of the allegations of Count I, paragraphs 1 through 31.

2. On or about February 23, 2010, in the Eastern District of Missouri,

**DOUGLAS DALTON,**

the defendant herein, having devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, did cause to be transmitted in interstate commence from Chicago Title, Chicago, Illinois to SJ Contractors in St. Louis, Missouri, within the Eastern District of Missouri, by wire certain writings, signs, signals, pictures, or sounds, namely the wiring of $159,593, of which at least $20,000 was fraudulently procured, from Midland States Bank in St. Louis, Missouri to Chicago Title in Chicago, Illinois to SJ Contractors in St. Louis, Missouri, to

pay defendant Douglas Dalton for personal expenses that were not in accordance with the construction loan requirements.

In violation of Title 18, United States Code, Sections 1343 and 2.

A TRUE BILL.

_____

FOREPERSON

RICHARD G. CALLAHAN
United States Attorney


_____

MICHAEL W. REAP, #9156MO
ANTHONY L. FRANKS #50217MO
Assistant United States Attorneys